# EXHIBIT A

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**In re: Norada Capital Management LLC Litigation**                    **MDL 26-20**

**MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE DISTRICT OF
WYOMING PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR
CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiffs Beata Zimon, as beneficiary of the Beata Zimon SD IRA; Critterstrong Corporation; OLV, LLC; GGGA Holdings LLC; Clifford Coglietti; Jamie Brasseal, individually and as trustee for Greenfield Holdings Trust; Arijit De; Jennifer Skeen; Matthew Joseph Wilt; Melanie Ann Wilt; the Matthew Joseph Wilt and Melanie Ann Wilt Revocable Living Trust for which they are both grantors and settlors; Timothy F. Keeton; Kimberly-Anne Bohannon; Sammy Rivera, as the beneficiary of the Sammy Rivera IRA; PGF66 LLC; Zimmerman RD, LLC; Frank Zimmerman; Jeremy Fusselman; Joe Mosquera; Thomas K. Brower; Steven Rumstein, as beneficiary of the Steven Rumstein IRA; Fred Cohen, the beneficiary of FCohen Roth RD, LLC; FCohen RD, LLC; James Graef as beneficiary of the James Graef IRA and James Graef Roth IRA; Rockmill Capital, LLC; Rockmill Realty, LLC; Louis Carolla as beneficiary of the Louis Carolla Roth IRA; Kathleen Grossart Taylor; Kari Teske as Trustee of REIO QRP LLC; Harold Mayfield, as beneficiary to the Ann Mayfield Traditional IRA200612498, as beneficiary to the Randolph Mayfield Roth 200612253, and as trustee of the Mayfield Revocable Trust; Mark Sanders; Karen Krywy-Sanders, beneficiary of Karen Krywy-Sanders IRA; Chad Beebe, Matthew C. Motsko; Dewayne Cothron; WD60 LLC; Trista Yerkich, individually and as beneficiary of the Trista Yerkich IRA, Douglas Omundson, individually and as beneficiary of the Glenn Omundson IRA; William Cukr, beneficiary of the William Cukr Traditional IRA; Maria Carrillo; Cesar Palomares;

1

Vicky McDaniel as beneficiary of McDaniel Reporting Investment Trust; Douglas Ellis as trustee and beneficiary of DRE Family Trust; M's Second Space LLC; M's Pursuits, Inc.; Brooke Ashe Investments LLC, Nathan J. Deutscher, individually and as beneficiary of the Nathan J. Deutscher and Kayla S. Deutscher Revocable Trust; Casitas Holdings, LLC; Zinfinity Capital Group, LLC; and Bruce Parkinson, both individually and as beneficiary of the Bruce Parkinson IRA (collectively, "Plaintiffs"), each being plaintiffs in the actions identified in the attached Schedule of Actions (the "Schedule") in the District of Wyoming, the Central District of California, and the Middle District of Florida, respectfully move this Panel, pursuant to 28 U.S.C. § 1407, for transfer of the actions listed on the Schedule to the United States District Court for the District of Wyoming[1] for coordinated and consolidated pretrial proceedings (the "Motion"). For the reasons provided in the brief filed concurrently herewith, Plaintiffs respectfully request that the Panel grant the Motion.

Dated: April 27, 2026

**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**

*/s/ Hadjar Anahita Ohadi*
HADJAR ANAHITA OHADI (CA Bar No. 358387)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
9800 Wilshire Blvd
Beverly Hills, CA 90212
Tel: (213) 871-7788
aohadi@rcornishlaw.com

---

[1] Plaintiffs respectfully submit that, should the Panel determine transfer is appropriate under 28 U.S.C. § 1407, the District of Wyoming is the most suitable transferee forum in light of its docket conditions, and nexus to certain parties and events at issue. In the alternative, Plaintiffs propose the Central District of California, which offers substantial judicial resources and experience managing complex, multi-party litigation. As the last alternative, Plaintiffs suggest the Middle District of Florida.

*/s/ Robert V. Cornish Jr.*
ROBERT V. CORNISH JR. (WY Bar No. 6-3898)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
680 South Cache Street, Suite 100, P.O. Box 12200
Jackson, WY 83001
Office: (307) 264-0535
rcornish@rcornishlaw.com

*/s/ Arthur McDonough*
ARTHUR MCDONOUGH (CA Bar No. 309695)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
9800 Wilshire Blvd
Beverly Hills, CA 90212
Tel: (213) 871-7788
amcdonough@rcornishlaw.com

*/s/ Yilei Huang*
YILEI HUANG (CA Bar No. 361829)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
9800 Wilshire Blvd
Beverly Hills, CA 90212
Tel: (213) 871-7788
yhuang@rcornishlaw.com

*/s/ Kaitlin Harris*
KAITLIN HARRIS (FL Bar No. 1029115)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
1395 Brickell Avenue, Suite 800
Miami, FL 33131
Office: (305) 735-5450
kharris@rcornishlaw.com

*Attorneys for Plaintiffs Beata Zimon, as beneficiary of the Beata Zimon SD IRA; Critterstrong Corporation; OLV, LLC; GGGA Holdings LLC; Clifford Coglietti; Jamie Brasseal, individually and as trustee for Greenfield Holdings Trust; Arijit De; Jennifer Skeen; Matthew Joseph Wilt; Melanie Ann Wilt; the Matthew Joseph Wilt and Melanie Ann Wilt Revocable Living Trust for which they are both grantors and settlors; Timothy F. Keeton; Kimberly-Anne Bohannon; Sammy Rivera, as the beneficiary of the Sammy Rivera IRA; PGF66 LLC; Zimmerman RD, LLC; Frank Zimmerman; Jeremy Fusselman; Joe Mosquera; Thomas K. Brower; Steven Rumstein, as beneficiary of the Steven Rumstein IRA; Fred*

3

*Cohen, the beneficiary of FCohen Roth RD, LLC; FCohen RD, LLC; James Graef as beneficiary of the James Graef IRA and James Graef Roth IRA; Rockmill Capital, LLC; Rockmill Realty, LLC; Louis Carolla as beneficiary of the Louis Carolla Roth IRA; Kathleen Grossart Taylor; Kari Teske as Trustee of REIO QRP LLC; Harold Mayfield, as beneficiary to the Ann Mayfield Traditional IRA200612498, as beneficiary to the Randolph Mayfield Roth 200612253, and as trustee of the Mayfield Revocable Trust; Mark Sanders; Karen Krywy-Sanders, beneficiary of Karen Krywy-Sanders IRA; Chad Beebe, Matthew C. Motsko; Dewayne Cothron; WD60 LLC; Trista Yerkich, individually and as beneficiary of the Trista Yerkich IRA, Douglas Omundson, individually and as beneficiary of the Glenn Omundson IRA; William Cukr, beneficiary of the William Cukr Traditional IRA; Maria Carrillo; Cesar Palomares; Vicky McDaniel as beneficiary of McDaniel Reporting Investment Trust; Douglas Ellis as trustee and beneficiary of DRE Family Trust; M's Second Space LLC; M's Pursuits, Inc.; Brooke Ashe Investments LLC, Nathan J. Deutscher, individually and as beneficiary of the Nathan J. Deutscher and Kayla S. Deutscher Revocable Trust; Casitas Holdings, LLC; Zinfinity Capital Group, LLC; and Bruce Parkinson, both individually and as beneficiary of the Bruce Parkinson IRA*

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**In re: Norada Capital Management LLC Litigation**              **MDL 26-20**

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO
THE DISTRICT OF WYOMING PURSUANT TO 28 U.S.C. § 1407 FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

This Brief is submitted in support of Plaintiffs' Motion for Transfer of Actions to the District of Wyoming[1] pursuant to 28 U.S.C. § 1407 for coordinated and consolidated pretrial proceedings (the "Motion"). The actions proposed for consolidation arise out of one of the most brazen and far-reaching investment fraud schemes in recent memory: a Ponzi scheme orchestrated by Marco G. Santarelli and his associates through a web of Wyoming-incorporated entities and others operating under the umbrella of Norada Capital Management LLC (the "Norada Enterprise").

**I.    BACKGROUND**

From at least June 2020 through August 2024, the Norada Enterprise mass-marketed at least $92 million from investors nationwide through the offer, sale, and solicitation of unregistered promissory notes (the "Notes"). Investors were promised annual returns of 12% to over 17%, and in some instances additional "bonus" payments of 5%, purportedly derived from a diversified portfolio of profitable companies, including real estate ventures, e-commerce operations, intellectual property platforms, cryptocurrency and theatrical productions. In reality, the Notes

---

[1] Plaintiffs respectfully submit that, should the Panel determine transfer is appropriate under 28 U.S.C. § 1407, the District of Wyoming is the most suitable transferee forum in light of its docket conditions, and nexus to certain parties and events at issue. In the alternative, Plaintiffs propose the Central District of California, which offers substantial judicial resources and experience managing complex, multi-party litigation. As the last alternative, Plaintiffs suggest the Middle District of Florida.

1

were instruments of a classic Ponzi scheme in which earlier investors were paid with funds obtained from newer investors, the enterprise was perpetually insolvent, and investor funds were commingled, diverted to unrelated ventures, and misappropriated for the personal benefit of the scheme's principals.

The scheme's collapse prompted multiple groups of defrauded investors, all represented by the same counsel, to file civil actions in three separate federal judicial districts: the District of Wyoming, the Central District of California, and the Middle District of Florida. The Wyoming actions target the Norada corporate entities incorporated in Wyoming. The California actions target three individual control persons—Santarelli, Ronald A. Fossum Jr., and Michael Johnson—as well as Norada Fund Management, LLC, a California Limited Liability Company. The Florida actions target alleged conspirators and third-party recipients of diverted investor proceeds, including Aspire Events LLC, Collective Equity Inc., Themed Str Capital Fund, LLC, Retail Ecommerce Ventures, LLC, and their principals, all of which are located in Florida.

Although the actions are brought in different districts and against different categories of defendants, they all arise from the same common nucleus of operative facts: the creation, marketing, operation, and collapse of the Norada Enterprise's fraudulent investment scheme. Each of the cases focuses on the common unlawful conduct in the context of the specific state law applicable to their respective investors. Centralization under 28 U.S.C. § 1407 will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

The following actions are proposed for consolidation:

**Central District of California, Santa Ana Division:**

1. *Clifford Coglietti et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00684;

Complaint and Docket Sheet annexed hereto as ***Exhibit "1."***

2.    *Beata Zimon et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00686; Complaint and Docket Sheet annexed hereto as ***Exhibit "2."***

3.    *Sammy Rivera et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00688; Complaint and Docket Sheet annexed hereto as ***Exhibit "3."***

4.    *Bruce Parkinson v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00689; Complaint and Docket Sheet annexed hereto as ***Exhibit "4."***

5.    *Jeremy Fusselman v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00690; Complaint and Docket Sheet annexed hereto as ***Exhibit "5."***

6.    *Joe Mosquera et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00691; Complaint and Docket Sheet annexed hereto as ***Exhibit "6."***

7.    *Steven Rumstein et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00693; Complaint and Docket Sheet annexed hereto as ***Exhibit "7."***

8.    *James Graef et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00694; Complaint and Docket Sheet annexed hereto as ***Exhibit "8."***

9.    *Harold Mayfield v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00695; Complaint and Docket Sheet annexed hereto as ***Exhibit "9."***

10.    *Mark Sanders et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00696; Complaint and Docket Sheet annexed hereto as ***Exhibit "10."***

11.    *Trista Yerkich et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00698; Complaint and Docket Sheet annexed hereto as ***Exhibit "11."***

12.    *Vicky McDaniel et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00699; Complaint and Docket Sheet annexed hereto as ***Exhibit "12."***

13.     *M's Second Space LLC et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00700; Complaint and Docket Sheet annexed hereto as ***Exhibit "13."***

14.     *Brooke Ashe Investments LLC et al. v. Marco G. Santarelli et al.*, Case No. 8:26-cv-00702; Complaint and Docket Sheet annexed hereto as ***Exhibit "14."***

15.     *Casitas Holdings, LLC et al. v. Santarelli et al.*, Case No. 8:26-cv-00703; Complaint and Docket Sheet annexed hereto as ***Exhibit "15."***

**Middle District of Florida, Jacksonville Division:**

16.     *Rivera et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00770; Complaint and Docket Sheet annexed hereto as ***Exhibit "16."***

17.     *Zimon et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00775; Complaint and Docket Sheet annexed hereto as ***Exhibit "17."***

18.     *Coglietti et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00777; Complaint and Docket Sheet annexed hereto as ***Exhibit "18."***

19.     *Parkinson v. Aspire Events LLC et al.*, Case No. 3:26-cv-00779; Complaint and Docket Sheet annexed hereto as ***Exhibit "19."***

20.     *Fusselman v. Aspire Events LLC et al.*, Case No. 3:26-cv-00780; Complaint and Docket Sheet annexed hereto as ***Exhibit "20."***

21.     *Mosquera et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00781; Complaint and Docket Sheet annexed hereto as ***Exhibit "21."***

22.     *Rumstein et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00782; Complaint and Docket Sheet annexed hereto as ***Exhibit "22."***

23.     *Graef et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00783; Complaint and Docket Sheet annexed hereto as ***Exhibit "23."***

24.     *Mayfield v. Aspire Events LLC et al.*, Case No. 3:26-cv-00784; Complaint and Docket Sheet annexed hereto as ***Exhibit "24."***

25.     *Sanders et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00785; Complaint and Docket Sheet annexed hereto as ***Exhibit "25."***

26.     *Yerkich et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00786; Complaint and Docket Sheet annexed hereto as ***Exhibit "26."***

27.     *McDaniel et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00787; Complaint and Docket Sheet annexed hereto as ***Exhibit "27."***

28.     *M's Second Space LLC et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00788; Complaint and Docket Sheet annexed hereto as ***Exhibit "28."***

29.     *Brooke Ashe Investments LLC et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00789; Complaint and Docket Sheet annexed hereto as ***Exhibit "29."***

30.     *Casitas Holdings, LLC et al. v. Aspire Events LLC et al.*, Case No. 3:26-cv-00790; Complaint and Docket Sheet annexed hereto as ***Exhibit "30."***

**District of Wyoming, Cheyenne Division:**

31.     *Taylor et al. v. Norada Capital Management LLC et al.*, Case No. 2:25-cv-00062; Amended Complaint and Docket Sheet annexed hereto as ***Exhibit "31."***

32.     *Zimon et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00082; Complaint and Docket Sheet annexed hereto as ***Exhibit "32."***

33.     *Rivera et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00083; Complaint and Docket Sheet annexed hereto as ***Exhibit "33."***

34.     *Fusselman v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00084; Complaint and Docket Sheet annexed hereto as ***Exhibit "34."***

5

35.     *Mosquera et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00085; Complaint and Docket Sheet annexed hereto as ***Exhibit "35."***

36.     *Rumstein et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00086; Complaint and Docket Sheet annexed hereto as ***Exhibit "36."***

37.     *Graef et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00087; Complaint and Docket Sheet annexed hereto as ***Exhibit "37."***

38.     *Mayfield et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00088; Complaint and Docket Sheet annexed hereto as ***Exhibit "38."***

39.     *Sanders et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00089; Complaint and Docket Sheet annexed hereto as ***Exhibit "39."***

40.     *Yerkich et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00090; Complaint and Docket Sheet annexed hereto as ***Exhibit "40."***

41.     *M's Second Space LLC et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00091; Complaint and Docket Sheet annexed hereto as ***Exhibit "41."***

42.     *Coglietti et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00098; Complaint and Docket Sheet annexed hereto as ***Exhibit "42."***

43.     *Brooke Ash Investments LLC et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00099; Complaint and Docket Sheet annexed hereto as ***Exhibit "43."***

44.     *Parkinson v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00100; Complaint and Docket Sheet annexed hereto as ***Exhibit "44."***

45.     *McDaniel et al. v. Norada Capital Management LLC et al.*, Case No. 2:26-cv-00103. Complaint and Docket Sheet annexed hereto as ***Exhibit "45."***

As detailed below, these actions satisfy each of the statutory prerequisites for transfer under

6

section 1407 because they involve common questions of fact pending in different federal districts, and consolidation will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

## II.    ARGUMENT

## A.    COMMON QUESTIONS OF FACT

The existence of "one or more common questions of fact" is the statutory predicate for transfer under 28 U.S.C. § 1407(a). The threshold for this requirement is well-established: "[s]ection 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 669 F. Supp. 3d 1375, 1380 (J.P.M.L. 2023) (quoting *In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005)). Indeed, section 1407 "contains no requirement that common factual questions predominate over individual ones, instead requiring only that 'one or more common questions of fact' exist." *Uber Techs., Inc. v. United States Judicial Panel on Multidistrict Litig.*, 131 F.4th 661, 669 (9th Cir. 2025). Nor does the existence of different legal theories prevent centralization. *See Id.* at 671 ("[T]he existence of common legal, as opposed to factual, questions is not a prerequisite to centralization."). The JPML "routinely have centralized actions asserting similar claims under different state statutes where they involve common questions of fact." *In re BPS Direct, LLC*, 677 F. Supp. 3d 1363, 1364–65 (J.P.M.L. 2023). Here, although the actions assert distinct claims, including federal securities fraud, state securities fraud, fraudulent transfer, unjust enrichment, and conspiracy, they arise from the identical factual predicate—the Norada Enterprise's Ponzi scheme—and the differences in legal theories do not diminish the overwhelming commonality of the facts.

The actions proposed for consolidation share a wealth of common factual questions, all

emanating from the same fraudulent scheme. These include, without limitation:

### 1.    The Formation, Structure, and Operation of the Norada Enterprise

Every complaint in this litigation alleges that Santarelli formed and controlled a network of Wyoming corporate entities, including Norada Capital Management LLC, Norada Equity Inc., Norada Capital Ecommerce Fund I LLC, Norada Capital Crypto Fund I LLC, Norada Theatrical Productions LLC, Norada Real Estate Funding LLC, and Norada Capital Real Estate Fund I, LLC, through which investor funds were solicited, pooled, commingled, and ultimately misappropriated. The California and Florida complaints further allege that investor funds were channeled through Norada Fund Management, LLC and subsequently diverted to third-party entities, including the Aspire Defendants and Retail Ecommerce Ventures, LLC ("REV"). The factual questions concerning the organizational structure, capitalization, interrelationship, and day-to-day operations of these entities are common to every action.

### 2.    The False and Misleading Marketing of the Notes

Each complaint in the Wyoming, California, and Florida actions alleges that the Norada Enterprise marketed the Notes to investors through substantially identical channels and materials. These included a publicly accessible website, mass-distributed marketing flyers, investor decks, email campaigns, podcasts, video content, and recurring webinars. The complaints uniformly allege that these materials contained materially false and misleading representations, including that the Notes would generate "predictable income" with returns of 12% to 17% annually; that the underlying portfolio consisted of "viable business assets" with "high growth," "high cash flow," and "capital preservation" potential; and that interest payments would be deposited monthly via ACH as "a truly hands-off passive investment." Every complaint alleges that these representations were false because the underlying portfolio companies were not viable, were not generating

sufficient cash flow, and the purported "interest" payments were, in fact, funded by new investor capital in classic Ponzi fashion. The factual questions concerning the content, dissemination, and falsity of these marketing materials are common to all actions.

**3.      Concealment of Material Information and Undisclosed Prior Misconduct**

All complaints allege that the defendants concealed from investors material facts concerning the financial condition and regulatory history of the Norada Enterprise and its principals. Every complaint details that Santarelli failed to disclose, among other things: (a) his prior personal bankruptcy filing in 2008; (b) the bankruptcy filing of his prior company 360 Enterprises d/b/a Norada Real Estate; (c) the Pennsylvania Securities Commission's 2011 Cease-and-Desist Order issued against Santarelli for violations of Pennsylvania securities laws; (d) the California Department of Corporations' 2012 Cease-and-Desist Order issued against Santarelli and related entities; and (e) the presence of Ronald A. Fossum Jr.—a convicted securities fraudster—as Norada Capital Management LLC's Chief Financial Officer, rendering the offering ineligible for the claimed Regulation D exemption. These facts were material to every investor's decision to purchase the Notes and are common to all actions.

**4.      The Comingling and Diversion of Investor Funds**

Each complaint alleges that investor funds were commingled across the Norada Entities without documentation, proper accounting, or segregation. The Wyoming and California complaints allege that funds were deployed into unprofitable ventures, diverted for Santarelli's personal use, and used to pay earlier investors, which are the hallmarks of a Ponzi scheme. The Florida complaints further allege that substantial sums were fraudulently transferred or caused to be fraudulently transferred to the Aspire Defendants and REV under circumstances that constitute actual and constructive fraud under Florida's Uniform Fraudulent Transfer Act. The factual

questions concerning the flow of funds through the Norada Enterprise, from investor to entity to ultimate recipient, are common to all actions and will require coordinated discovery into bank records, financial statements, and fund-tracing analysis.

### 5.      The Collapse of the Scheme and Forced Debt-to-Equity Conversion

All complaints describe the same culminating events: In June 2024, Santarelli, on behalf of Norada Capital, emailed investors to announce the suspension of distribution payments and the forced conversion of their Notes into equity/membership interests in Norada Capital. All complaints allege that Santarelli continued to make false and misleading statements to investors in webinars and promotional materials up to and including the weeks immediately preceding this suspension, including false claims of a 45% profit margin for the Mastermind Businesses and assurances that "None of our businesses are suffering." The factual circumstances of the scheme's collapse are identical across all complaints.

### 6.      The SEC Enforcement Action and Criminal Proceedings

Multiple complaints reference the SEC's civil enforcement action against Santarelli and related entities (the "Santarelli SEC Action"), in which Santarelli consented to the entry of judgment admitting violations of federal securities laws. Several complaints also reference the parallel criminal proceedings in which Santarelli pled guilty to wire fraud. The Florida complaints additionally reference the SEC's enforcement action against REV and its principals. These governmental proceedings share a common factual basis with the private civil actions and will yield overlapping documentary and testimonial evidence.

In sum, the actions proposed for consolidation present a textbook case for MDL centralization. As the JPML recognized in *In re Stanford Entities Securities Litigation*, securities fraud actions arising from a common Ponzi scheme satisfy the common-questions-of-fact

requirement where they "focus on a significant number of common events, defendants, and/or witnesses." 655 F. Supp. 2d 1360, 1361 (J.P.M.L. 2009).

**B.   TRANSFER AND CONSOLIDATION WILL SERVE THE CONVENIENCE OF THE PARTIES AND WITNESSES AND PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE LITIGATION**

Under section 1407, the Panel shall determine whether transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The purpose of MDL centralization is to "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015) (quoting Manual for Complex Litigation § 20.131 (4th ed. 2004)).

**1.   Centralization Will Eliminate Duplicative Discovery**

Absent centralization, dozens of parties in three separate federal districts would be required to conduct substantially overlapping discovery concerning the same fraudulent scheme, the same marketing materials, the same financial transactions, and the same witnesses. Every action will require production of documents from the Norada Entities, bank records tracing the flow of investor funds, communications among defendants, and corporate governance records. Depositions of key witnesses, including Santarelli, Fossum, Johnson, and the principals of the Florida recipient entities, will be needed in every case. Centralization before a single transferee judge will eliminate this duplication and allow the parties to conduct discovery once for the benefit of all actions. *See In re Nat'l Century Fin. Enters.*, 293 F. Supp. 2d 1375, 1376 (J.P.M.L. 2003) (centralizing actions connected to financial collapse to "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary").

### 2.    Centralization Will Avoid Inconsistent Pretrial Rulings

The actions raise overlapping legal issues, including the applicability of Regulation D exemptions, the characterization of the Notes as securities, the scope of control-person liability, and the propriety of a receiver over certain entities. Without centralization, three different district courts could reach inconsistent rulings on identical factual predicates. For example, a ruling on whether the Notes constitute "securities" under federal law, or whether the Norada Enterprise's Form D filing was rendered invalid by Fossum's disqualifying "bad actor" status, could differ across districts, creating intolerable uncertainty. A single transferee judge can ensure consistency and efficiency in addressing these threshold issues. *See In re Stanford Entities Sec. Litig.*, 655 F. Supp. 2d at 1361 (centralization will "avoid inconsistent pretrial rulings").

### 3.    Centralization Will Conserve Judicial and Party Resources

These actions involve a substantial volume of documentary evidence, including corporate formation documents, financial records, marketing materials, investor communications, webinar recordings, SEC filings, and governmental enforcement records. Having three separate courts manage overlapping pretrial proceedings would waste judicial resources and impose unnecessary costs on all parties. Therefore, centralization promotes judicial economy by placing all actions before "a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other actions." *In re Nat'l Century Fin. Enters.*, 293 F. Supp. 2d at 1377.

### 4.    All Plaintiffs Are Represented by the Same Counsel

A significant practical consideration further supports centralization. All Plaintiffs across all three districts are represented by the same law firm—the Law Offices of Robert V. Cornish,

Jr., PC. Coordination through MDL centralization will permit Plaintiffs' counsel to manage litigation strategy efficiently and avoid the burden and expense of litigating parallel proceedings in three separate courts.

## C.    THE DISTRICT OF WYOMING SHOULD BE THE APPROPRIATE TRANSFEREE DISTRICT

In selecting a transferee district, the Panel considers several factors, including "the progress of discovery, docket conditions, familiarity of the transferee judge with the relevant issues, and the size of the litigation." *Allen v. Bayer Corp.* (*In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1230 (9th Cir. 2006) (citing Manual for Complex Litigation § 20.131 (4th ed. 2004)). Each of these factors favors the District of Wyoming over the Central District of California or the Middle District of Florida..

### 1.    All But One Of The Defendant Norada Entities Are Incorporated in Wyoming

All but one of the Norada corporate entity defendants—Norada Capital Management LLC, Norada Equity Inc., Norada Capital Ecommerce Fund I LLC, Norada Capital Crypto Fund I LLC, Norada Theatrical Productions LLC, Norada Real Estate Funding LLC, and Norada Capital Real Estate Fund I, LLC—are incorporated in Wyoming and maintains its registered agent in Wyoming. The corporate formation, governance, and registered-agent records for these entities are located in Wyoming. This fact weighs strongly in favor of selecting Wyoming as the transferee district. See *In re Dealer Mgmt. Sys. Antitrust Litig.*, 291 F. Supp. 3d, 1367, 1369 (J.P.M.L. 2018) (selecting Northern District of Illinois where defendant CDK "is headquartered in the district, and relevant documents and witnesses thus will be found there").

### 2.    The First-Filed Action Is Pending in Wyoming

The first-filed action in this litigation, *Taylor et al v. Norada Capital Management LLC et al*, Case No. 2:25-cv-00062-ABJ, is pending in the District of Wyoming. This weighs in favor of

transfer to Wyoming. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 148 F. Supp. 3d 1367, 1369 (J.P.M.L. 2015) (selecting district with first-filed case); *In re Regents of the Univ. of Cal.*, 964 F.2d 1128, 1136 (Fed. Cir. 1992) (noting the Multidistrict Panel's conclusion of the Southern District of Indiana where the first case was filed).

### 3.      Key Documents and Witnesses Are Located in or Connected to Wyoming

All but one of the Norada corporate entities were organized under Wyoming law, maintained registered agents in Wyoming, and their corporate records, including articles of organization, operating agreements, annual reports, and registered-agent correspondence, are located in Wyoming. Additionally, Plaintiffs' counsel maintains offices in Jackson, Wyoming, and has prosecuted the foundational actions in this litigation from that location. While certain individual defendants reside in California and certain recipient entities are based in Florida, those witnesses can be compelled to appear in Wyoming or by video for depositions and pretrial proceedings under the broad authority conferred by section 1407, which permits a transferee judge to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b).

While defendants Santarelli, Fossum, and Johnson reside in California, and some operational activities of the Norada Enterprise were conducted from Orange County, California, this does not necessarily compel transfer to the Central District of California. The JPML "must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law." *In re Multidistrict Private Civil Treble Damage Antitrust Litig. Involving Admission Tickets*, 302 F. Supp. 1339, 1341 (J.P.M.L. 1969) (citing *In re Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J. P. M. L. 1968)). All but one of the Norada entity defendants are Wyoming corporations; the first-filed action is in Wyoming; and

the individual defendants' personal convenience does not outweigh the systemic efficiencies of centralization in the district where the corporate defendants were formed and incorporated. Moreover, individual defendants can be compelled to participate in pretrial proceedings in Wyoming or by video under the broad jurisdictional authority of 28 U.S.C. § 1407(b).

The Florida-based defendants, Aspire Events LLC, Collective Equity Inc., REV, and their principals, may argue that centralization in Wyoming is inconvenient because they are located in Florida. However, the Florida actions are derivative of the central Norada Enterprise fraud: they seek to recover investor proceeds that were fraudulently transferred to these recipients from the Norada Enterprise. The core factual questions, including how investor funds flowed through the Norada Enterprise and into the Florida defendants' hands, are inseparable from the broader fraud questions common to all actions. Even if some parties contend that the cases lack sufficient common issues to justify transfer, the court recognizes that certain claims may later be remanded efficiently if appropriate, and in the meantime, transfer under 28 U.S.C. § 1407 promotes efficiency by placing all actions before a single judge who can coordinate pretrial proceedings and avoid duplicative discovery burdens. *In re Nat'l Century Fin. Enters.*, 293 F. Supp. 2d at 1377; *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (concluding that centralization is warranted due to substantial shared factual questions and the need to avoid duplicative discovery and inconsistent pretrial rulings). A transferee judge in Wyoming can structure pretrial proceedings to address common fund-tracing and fraud issues while permitting non-common issues to proceed concurrently.

4.    **Wyoming's Docket Can Accommodate This Litigation**

The District of Wyoming maintains a manageable caseload and possesses the judicial resources to devote the substantial time and attention that this litigation will demand. The district

is not overtaxed with other MDL dockets, and its judges have experience with complex commercial and securities litigation arising from the significant corporate presence that Wyoming's business-friendly incorporation laws attract. See *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) (selecting district that was not burdened by an excessive multidistrict caseload and possessed the resources, facilities, and technological capacity to effectively dedicate the significant time and attention the multidistrict case needed).

The District of Wyoming maintained a pending civil caseload of only 501 cases as of March 31, 2025. This modest docket enables Wyoming's judges to allocate meaningful time and attention to complex commercial litigation without the competing pressures that larger metropolitan districts face. By comparison, the Central District of California's pending caseload of 10,720 cases as of March 31, 2025, is more than twenty-one times larger than Wyoming's. Even the Middle District of Florida's pending docket of over 6,100 cases as of March 31, 2025, represents a caseload more than twelve times greater than Wyoming's. *See* Federal Judicial Caseload Statistics 2025 Table "Civil Cases Filed, Terminated, and Pending" Table C, annexed hereto as **Exhibit "46"**. This disparity directly impacts the ability of judges in those districts to provide the intensive case management that coordinated pretrial proceedings require.

The District of Wyoming received only 298 new civil case filings during the twelve-month period ending March 31, 2025, while terminating 250 cases during the same period. *Id.* This balanced intake-to-termination ratio indicates a stable, well-managed docket that can absorb the forty-five actions proposed for consolidation without overwhelming the court's resources. In stark contrast, the Central District of California received 16,625 new filings during the same period, approximately fifty-six times the volume of Wyoming's new filings. The Middle District of Florida received 8,931 new filings, roughly thirty times Wyoming's volume. These high-volume

districts are continuously processing massive quantities of new cases, leaving limited judicial bandwidth for the intensive oversight that MDL proceedings demand.

The Federal Judicial Caseload Statistics compel the conclusion that the District of Wyoming is the superior transferee venue for this multidistrict litigation. With a pending caseload that is a small fraction of the alternative venues, and a stable docket that permits dedicated judicial attention, Wyoming offers the optimal environment for the coordinated and consolidated pretrial proceedings this litigation requires.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Judicial Panel on Multidistrict Litigation enter an order transferring and consolidating the actions listed on the accompanying Schedule of Actions to the United States District Court for the District of Wyoming for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The actions involve common questions of fact arising from the Norada Enterprise's fraudulent investment scheme, and centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Dated: April 27, 2026                         **LAW OFFICES OF ROBERT V. CORNISH, JR., PC**

*/s/ Hadjar Anahita Ohadi*
HADJAR ANAHITA OHADI (CA Bar No. 358387)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
9800 Wilshire Blvd
Beverly Hills, CA 90212
Tel: (213) 871-7788
aohadi@rcornishlaw.com

17

*/s/ Robert V. Cornish Jr.*
ROBERT V. CORNISH JR. (WY Bar No. 6-3898)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
680 South Cache Street, Suite 100, P.O. Box 12200
Jackson, WY 83001
Office: (307) 264-0535
rcornish@rcornishlaw.com

*/s/ Arthur McDonough*
ARTHUR MCDONOUGH (CA Bar No. 309695)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
9800 Wilshire Blvd
Beverly Hills, CA 90212
Tel: (213) 871-7788
amcdonough@rcornishlaw.com

*/s/ Yilei Huang*
YILEI HUANG (CA Bar No. 361829)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
9800 Wilshire Blvd
Beverly Hills, CA 90212
Tel: (213) 871-7788
yhuang@rcornishlaw.com

*/s/ Kaitlin Harris*
KAITLIN HARRIS (FL Bar No. 1029115)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
1395 Brickell Avenue, Suite 800
Miami, FL 33131
Office: (305) 735-5450
kharris@rcornishlaw.com

*Attorneys for Plaintiffs Beata Zimon, as beneficiary of the Beata Zimon SD IRA; Critterstrong Corporation; OLV, LLC; GGGA Holdings LLC; Clifford Coglietti; Jamie Brasseal, individually and as trustee for Greenfield Holdings Trust; Arijit De; Jennifer Skeen; Matthew Joseph Wilt; Melanie Ann Wilt; the Matthew Joseph Wilt and Melanie Ann Wilt Revocable Living Trust for which they are both grantors and settlors; Timothy F. Keeton; Kimberly-Anne Bohannon; Sammy Rivera, as the beneficiary of the Sammy Rivera IRA; PGF66 LLC; Zimmerman RD, LLC; Frank Zimmerman; Jeremy Fusselman; Joe Mosquera; Thomas K. Brower; Steven Rumstein, as beneficiary of the Steven Rumstein IRA; Fred*

18

*Cohen, the beneficiary of FCohen Roth RD, LLC; FCohen RD, LLC; James Graef as beneficiary of the James Graef IRA and James Graef Roth IRA; Rockmill Capital, LLC; Rockmill Realty, LLC; Louis Carolla as beneficiary of the Louis Carolla Roth IRA; Kathleen Grossart Taylor; Kari Teske as Trustee of REIO QRP LLC; Harold Mayfield, as beneficiary to the Ann Mayfield Traditional IRA200612498, as beneficiary to the Randolph Mayfield Roth 200612253, and as trustee of the Mayfield Revocable Trust; Mark Sanders; Karen Krywy-Sanders, beneficiary of Karen Krywy-Sanders IRA; Chad Beebe, Matthew C. Motsko; Dewayne Cothron; WD60 LLC; Trista Yerkich, individually and as beneficiary of the Trista Yerkich IRA, Douglas Omundson, individually and as beneficiary of the Glenn Omundson IRA; William Cukr, beneficiary of the William Cukr Traditional IRA; Maria Carrillo; Cesar Palomares; Vicky McDaniel as beneficiary of McDaniel Reporting Investment Trust; Douglas Ellis as trustee and beneficiary of DRE Family Trust; M's Second Space LLC; M's Pursuits, Inc.; Brooke Ashe Investments LLC, Nathan J. Deutscher, individually and as beneficiary of the Nathan J. Deutscher and Kayla S. Deutscher Revocable Trust; Casitas Holdings, LLC; Zinfinity Capital Group, LLC; and Bruce Parkinson, both individually and as beneficiary of the Bruce Parkinson IRA*

19

## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**In re: Norada Capital Management LLC Litigation**                    **MDL 26-20**

### SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs**:<br>CLIFFORD COGLIETTI INDIVIDUALLY AND AS TRUSTEE FOR GREENFIELD HOLDINGS TRUST;<br>JAMIE BRASSEAL INDIVIDUALLY AND AS TRUSTEE FOR GREENFIELD HOLDINGS TRUST;<br>ARIJIT DE;<br>JENNIFER SKEEN;<br>MATTHEW JOSEPH WILT;<br>MELANIE ANN WILT;<br>MATTHEW JOSEPH WILT AND MELANIE ANN WILT REVOCABLE LIVING TRUST FOR WHICH THEY ARE BOTH GRANTORS AND SETTLORS;<br>TIMOTHY F. KEETON;<br>KIMBERLY-ANNE BOHANNEN.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00684 | Hon. David O. Carter |
| **Plaintiffs**:<br>BEATA ZIMON AS BENEFICIARY OF THE BEATA ZIMON SD IRA;<br>CRITTERSTRONG CORPORATION;<br>OLV, LLC;<br>GGGA HOLDINGS LLC.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00686 | Hon. Fred W. Slaughter |

1

| | | | |
|---|---|---|---|
| **Plaintiffs**:<br>SAMMY RIVERA AS BENEFICIARY OF THE SAMMY RIVERA IRA;<br>PGF66 LLC;<br>ZIMMERMANN RD, LLC;<br>FRANK ZIMMERMAN.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00688 | Hon. Fred W. Slaughter |
| **Plaintiffs**:<br>BRUCE PARKINSON BOTH INDIVIDUALLY AND AS BENEFICIARY OF THE BRUCE PARKINSON IRA.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00689 | Hon. Fred W. Slaughter |
| **Plaintiffs**:<br>JEREMY FUSSELMAN.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00690 | Hon. Fred W. Slaughter |
| **Plaintiffs**:<br>JOE MOSQUERA;<br>THOMAS K. BROWER<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00691 | Hon. Fred W. Slaughter |
| **Plaintiffs**:<br>STEVEN RUMSTEIN AS BENEFICIARY OF THE STEVEN RUMSTEIN IRA;<br>FRED COHEN THE BENEFICIARY OF FCOHEN ROTH RD, LLC;<br>FCOHEN RD, LLC.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00693 | Hon. Fred W. Slaughter |

| | | | |
|---|---|---|---|
| **Plaintiffs**:<br>JAMES GRAEF AS BENEFICIARY OF THE JAMES GRAEF IRA AND JAMES ROTH IRA;<br>ROCKMILL CAPITAL, LLC;<br>ROCKMILL REALTY, LLC;<br>LOUIS CAROLLA AS BENEFICIARY OF THE LOUIS CAROLLA ROTH IRA;<br>KATHLEEN GROSSART TAYLOR;<br>KARI TESKE AS TRUSTEE OF REIO QRP LLC.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00694 | Hon. Fred W. Slaughter |
| **Plaintiffs**:<br>HAROLD MAYFIELD AS BENEFICIARY TO THE ANN MAYFIELD TRADITIONAL IRA200612498, AS BENEFICIARY TO THE RANDOLPH MAYFIELD ROTH 200612253, AND AS TRUSTEE OF THE MAYFIELD REVOCABLE TRUST.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00695 | Hon. Fred W. Slaughter |
| **Plaintiffs**:<br>MARK SANDERS;<br>KAREN KRYWY-SANDERS BENEFICIARY OF KAREN KRYWY-SANDERS IRA;<br>CHAD BEEBE;<br>MATTHEW C. MOTSKO;<br>DEWAYNE COTHRON;<br>WD60 LLC.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00696 | Hon. Fred W. Slaughter |
| **Plaintiffs**:<br>TRISTA YERKICH INDIVIDUALLY AND AS BENEFICIARY OF THE TRISTA YERKICH IRA;<br>DOUGLAS OMUNDSON INDIVIDUALLY | C.D. California | 8:26-cv-00698 | Hon. Fred W. Slaughter |

3

| | | | |
|---|---|---|---|
| AND AS BENEFICIARY OF THE GLENN OMUNDSON IRA; WILLIAM CUKR BENEFICIARY OF THE WILLIAM CUKR TRADITIONAL IRA; MARIA CARRILLO; CESAR PALOMARES. **Defendants**: MARCO G. SANTARELLI; RONALD A. FOSSUM, JR.; MICHAEL JOHNSON; NORADA FUND MANAGEMENT, LLC. | | | |
| **Plaintiffs**: VICKY MCDANIEL AS BENEFICIARY OF THE MCDANIEL REPORTING INVESTMENT TRUST; DOUGLAS ELLIS AS TRUSTEE AND BENEFICIARY OF THE DRE FAMILY TRUST. **Defendants**: MARCO G. SANTARELLI; RONALD A. FOSSUM, JR.; MICHAEL JOHNSON; NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00699 | Hon. Fred W. Slaughter |
| **Plaintiffs**: M'S SECOND SPACE LLC, a Washington limited liability company; M'S PURSUITS, INC., a Washington corporation. **Defendants**: MARCO G. SANTARELLI; RONALD A. FOSSUM, JR.; MICHAEL JOHNSON; NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00700 | Hon. Fred W. Slaughter |
| **Plaintiffs**: BROOKE ASHE INVESTMENTS LLC; NATHAN J. DEUTSCHER INDIVIDUALLY AND AS A BENEFICIARY OF THE NATHAN J. DEUTSCHER AND KAYLA S. DEUTSCHER REVOCABLE TRUST. **Defendants**: MARCO G. SANTARELLI; RONALD A. FOSSUM, JR.; MICHAEL JOHNSON; NORADA FUND MANAGEMENT, LLC. | C.D. California | 8:26-cv-00702 | Hon. Fred W. Slaughter |
| **Plaintiffs**: CASITAS HOLDINGS, LLC, a Wyoming | C.D. California | 8:26-cv-00703 | Hon. Fred W. Slaughter |

| | | | |
|---|---|---|---|
| limited liability company;<br>ZINFINITY CAPITAL GROUP, LLC, a<br>Wyoming limited liability company.<br>**Defendants**:<br>MARCO G. SANTARELLI;<br>RONALD A. FOSSUM, JR.;<br>MICHAEL JOHNSON;<br>NORADA FUND MANAGEMENT, LLC. | | | |
| **Plaintiffs**:<br>PGF66 LLC;<br>ZIMMERMANN RD, LLC;<br>FRANK ZIMMERMANN.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D.<br>Florida | 3:26-cv-00770 | Hon. Wendy<br>W. Berger |
| **Plaintiffs**:<br>BEATA ZIMON AS BENEFICIARY OF THE<br>BEATA ZIMON SD IRA;<br>CRITTERSTRONG CORPORATION;<br>OLV, LLC;<br>GGGA HOLDINGS LLC.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D.<br>Florida | 3:26-cv-00775 | Hon. Wendy<br>W. Berger |
| **Plaintiffs**:<br>JAMIE BRASSEAL, INDIVIDUALLY AND<br>AS TRUSTEE FOR GREENFIELD<br>HOLDINGS TRUST;<br>ARIJIT DE; | M.D.<br>Florida | 3:26-cv-00777 | Hon. Wendy<br>W. Berger |

5

| | | | |
|---|---|---|---|
| JENNIFER SKEEN;<br>MATTHEW JOSEPH WILT;<br>MELANIE ANN WILT;<br>MATTHEW JOSEPH WILT AND MELANIE ANN WILT REVOCABLE LIVING TRUST;<br>TIMOTHY F. KEETON;<br>KIMBERLY-ANNE BOHANNON.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | | | |
| **Plaintiffs**:<br>BRUCE PARKINSON.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D. Florida | 3:26-cv-00779 | Hon. Wendy W. Berger |
| **Plaintiffs**:<br>JEREMY FUSSELMAN.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D. Florida | 3:26-cv-00780 | Hon. Wendy W. Berger |

| | | | |
|---|---|---|---|
| **Plaintiffs**:<br>JOE MOSQUERA;<br>THOMAS K BROWER.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D. Florida | 3:26-cv-00781 | Hon. Wendy W. Berger |
| **Plaintiffs**:<br>STEVEN RUMSTEIN AS BENEFICIARY OF THE STEVEN RUMSTEIN IRA;<br>FRED COHEN THE BENEFICIARY OF FCOHEN ROTH RD, LLC;<br>FCOHEN RD, LLC.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D. Florida | 3:26-cv-00782 | Hon. Wendy W. Berger |
| **Plaintiffs**:<br>JAMES GRAEF AS BENEFICIARY OF THE JAMES GRAEF IRA AND JAMES GRAEF ROTH IRA;<br>ROCKMILL CAPITAL, LLC;<br>ROCKMILL REALTY, LLC;<br>LOUIS CAROLLA AS BENEFICIARY OF THE LOUIS CAROLLA ROTH IRA;<br>KATHLEEN GROSSART TAYLOR;<br>KARI TESKE AS TRUSTEE OF REIO QRP LLC.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.; | M.D. Florida | 3:26-cv-00783 | Hon. Wendy W. Berger |

| | | | |
|---|---|---|---|
| THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | | | |
| **Plaintiffs**:<br>HAROLD MAYFIELD AS BENEFICIARY TO THE ANN MAYFIELD TRADITIONAL IRA200612498, AS BENEFICIARY TO THE RANDOLPH MAYFIELD ROTH 200612253, AND AS TRUSTEE OF THE MAYFIELD REVOCABLE TRUST.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D. Florida | 3:26-cv-00784 | Hon. Wendy W. Berger |
| **Plaintiffs**:<br>MARK SANDERS;<br>KAREN KRYWY-SANDERS BENEFICIARY OF KAREN KRYWY-SANDERS IRA;<br>CHAD BEEBE;<br>MATTHEW C. MOTSKO;<br>DEWAYNE COTHRON;<br>WD60 LLC.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ; | M.D. Florida | 3:26-cv-00785 | Hon. Wendy W. Berger |

| | | | |
|---|---|---|---|
| ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | | | |
| **Plaintiffs**:<br>TRISTA YERKICH INDIVIDUALLY AND AS BENEFICIARY OF THE TRISTA YERKICH IRA;<br>DOUGLAS INDIVIDUALLY AND AS BENEFICIARY OF THE GLENN OMUNDSON IRA;<br>MARIA CARRILLO;<br>CESAR PALOMARES.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D. Florida | 3:26-cv-00786 | Hon. Wendy W. Berger |
| **Plaintiffs**:<br>VICKY MCDANIEL AS BENEFICIARY OF MCDANIEL REPORTING INVESTMENT TRUST;<br>DOUGLAS ELLIS AS TRUSTEE AND BENEFICIARY OF DRE FAMILY TRUST.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D. Florida | 3:26-cv-00787 | Hon. Wendy W. Berger |
| **Plaintiffs**:<br>M'S SECOND SPACE LLC, a Washington limited liability company;<br>M'S PURSUIT, INC., a Washington corporation.<br>**Defendants**: | M.D. Florida | 3:26-cv-00788 | Hon. Wendy W. Berger |

9

| | | | |
|---|---|---|---|
| ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | | | |
| **Plaintiffs**:<br>BROOKE ASHE INVESTMENTS LLC;<br>NATHAN J. DEUTSCHER INDIVIDUALLY<br>AND AS BENEFICIARY OF THE NATHAN J.<br>DEUTSCHER AND KAYLA S. DEUTSCHER<br>REVOCABLE TRUST.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D.<br>Florida | 3:26-cv-00789 | Hon. Wendy<br>W. Berger |
| **Plaintiffs**:<br>CASITAS HOLDINGS, LLC, a Wyoming<br>limited liability company;<br>ZINFINITY CAPITAL GROUP LLC, a<br>Wyoming limited liability company.<br>**Defendants**:<br>ASPIRE EVENTS LLC;<br>COLLECTIVE EQUITY INC.;<br>THEMED STR CAPITAL FUND, LLC;<br>ANDREW CORDLE;<br>EDDIE WILSON;<br>RETAIL ECOMMERCE VENTURES LLC<br>D/B/A REV HOLDINGS, LLC;<br>TAINO ADRIAN LOPEZ;<br>ALEXANDER FARHANG MEHR;<br>MAYA ROSE BURKENROAD. | M.D.<br>Florida | 3:26-cv-00790 | Hon. Wendy<br>W. Berger |
| **Plaintiffs**: | D. | 2:25-cv-00062 | Hon. Alan B. |

10

| | | | |
|---|---|---|---|
| ZINFINITY CAPITAL GROUP LLC, a Wyoming limited liability company; CASITAS HOLDINGS LLC,  a Wyoming limited liability company. **Defendants**: NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | Wyoming | | Johnson |
| **Plaintiffs**: BEATA ZIMON BENEFICIARY OF BEATA ZIMON SD IRA; CRITTERSTRONG CORPORATION; OLV LLC; GGGA HOLDINGS LLC. **Defendants**: NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00082 | Hon. Alan B. Johnson |
| **Plaintiffs**: SAMMY RIVERA BENEFICIARY OF SAMMY RIVERA IRA; PGF66 LLC; ZIMMERMAN RD LLC, FRANK ZIMMERMAN. **Defendants**: NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; | D. Wyoming | 2:26-cv-00083 | Hon. Alan B. Johnson |

11

| | | | |
|---|---|---|---|
| NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | | | |
| **Plaintiffs**: JEREMY FUSSELMAN. **Defendants**: NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00084 | Hon. Alan B. Johnson |
| **Plaintiffs**: JOE MOSQUERA; THOMAS K. BROWER. **Defendants**: NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00085 | Hon. Alan B. Johnson |
| **Plaintiffs**: STEVEN RUMSTEIN BENEFICIARY OF STEVEN RUMSTEIN IRA; FRED COHEN BENEFICIARY OF FCOHEN ROTH RD LLC; FCOHEN RD LLC. **Defendants**: NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I | D. Wyoming | 2:26-cv-00086 | Hon. Alan B. Johnson |

| | | | |
|---|---|---|---|
| LLC. | | | |
| **Plaintiffs**:<br>JAMES GRAEF BENEFICIARY OF JAMES GRAEF IRA AND JAMES GRAEF ROTH IRA;<br>ROCKMILL CAPITAL LLC;<br>ROCKMILL REALTY LLC;<br>LOUIS CAROLLA BENEFICIARY OF LOUIS CAROLLA ROTH IRA;<br>KATHLEEN GROSSART TAYLOR;<br>KARI TESKE TRUSTEE OF REIO QRP LLC.<br>**Defendants**:<br>NORADA CAPITAL MANAGEMENT LLC;<br>NORADA EQUITY INC;<br>NORADA CAPITAL ECOMMERCE FUND I LLC;<br>NORADA CAPITAL CRYPTO FUND I LLC;<br>NORADA THEATRICAL PRODUCTIONS LLC;<br>NORADA REAL ESTATE FUNDING LLC;<br>NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00087 | Hon. Alan B. Johnson |
| **Plaintiffs**:<br>HAROLD MAYFIELD.<br>**Defendants**:<br>NORADA CAPITAL MANAGEMENT LLC;<br>NORADA EQUITY INC;<br>NORADA CAPITAL ECOMMERCE FUND I LLC;<br>NORADA CAPITAL CRYPTO FUND I LLC;<br>NORADA THEATRICAL PRODUCTIONS LLC;<br>NORADA REAL ESTATE FUNDING LLC;<br>NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00088 | Hon. Alan B. Johnson |
| **Plaintiffs**:<br>MARK SANDERS;<br>KAREN KRYWY-SANDERS BENEFICIARY OF KAREN KRYWY-SANDERS IRA;<br>CHAD BEEBE;<br>MATTHEW C. MOTSKO;<br>DEWAYNE COTHRON;<br>WD60 LLC.<br>**Defendants**:<br>NORADA CAPITAL MANAGEMENT LLC;<br>NORADA EQUITY INC; | D. Wyoming | 2:26-cv-00089 | Hon. Alan B. Johnson |

13

| | | | |
|---|---|---|---|
| NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | | | |
| **Plaintiffs**: TRISTA YERKICH INDIVIDUALLY AND AS BENEFICIARY OF TRISTA YERKICH IRA; DOUGLAS OMUNDSON INDIVIDUALLY AND AS BENEFICIARY OF GLENN OMUNDSON IRA; WILLIAM CUKR BENEFICIARY OF WILLIAM CUKR TRADITIONAL IRA; MARIA CARRILLO; CESAR PALOMARES. **Defendants**: NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00090 | Hon. Alan B. Johnson |
| **Plaintiffs**: M'S SECOND SPACE LLC, a Washington limited liability company; M'S PURSUITS INC., a Washington limited liability company. **Defendants**: NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00091 | Hon. Alan B. Johnson |

| | | | |
|---|---|---|---|
| **Plaintiffs**:<br>CLIFFORD COGLIETTI;<br>JAMIE BRASSEAL INDIVIDUALLY AND AS TRUSTEE OF GREENFIELD HOLDINGS TRUST;<br>ARIJIT DE;<br>JENNIFER SKEEN;<br>MATTHEW JOSEPH WILT;<br>MELANIE ANN WILT;<br>MATTHEW JOSEPH WILT AND MELANIE ANN WILT REVOCABLE LIVING TRUST;<br>TIMOTHY F. KEETON;<br>KIMBERLY-ANNE BOHANNON.<br>**Defendants**:<br>NORADA CAPITAL MANAGEMENT LLC;<br>NORADA EQUITY INC;<br>NORADA CAPITAL ECOMMERCE FUND I LLC;<br>NORADA CAPITAL CRYPTO FUND I LLC;<br>NORADA THEATRICAL PRODUCTIONS LLC;<br>NORADA REAL ESTATE FUNDING LLC;<br>NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00098 | Hon. Alan B. Johnson |
| **Plaintiffs**:<br>BROOKE ASHE INVESTMENTS LLC;<br>NATHAN J. DEUTSCHER INDIVIDUALLY AND AS BENEFICIARY OF NATHAN J. DEUTSCHER AND KAYLA S. DEUTSCHER REVOCABLE TRUST.<br>**Defendants**:<br>NORADA CAPITAL MANAGEMENT LLC;<br>NORADA EQUITY INC;<br>NORADA CAPITAL ECOMMERCE FUND I LLC;<br>NORADA CAPITAL CRYPTO FUND I LLC;<br>NORADA THEATRICAL PRODUCTIONS LLC;<br>NORADA REAL ESTATE FUNDING LLC;<br>NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00099 | Hon. Alan B. Johnson |
| **Plaintiffs**:<br>BRUCE PARKINSON INDIVIDUALLY AND AS BENEFICIARY OF BRUCE PARKINSON IRA.<br>**Defendants**: | D. Wyoming | 2:26-cv-00100 | Hon. Alan B. Johnson |

15

| | | | |
|---|---|---|---|
| NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | | | |
| **Plaintiffs**: VICKY MCDANIEL BENEFICIARY OF MCDANIEL REPORTING INVESTMENT TRUST; DOUGLAS ELLIS TRUSTEE AND BENEFICIARY OF DRE FAMILY TRUST. **Defendants**: NORADA CAPITAL MANAGEMENT LLC; NORADA EQUITY INC; NORADA CAPITAL ECOMMERCE FUND I LLC; NORADA CAPITAL CRYPTO FUND I LLC; NORADA THEATRICAL PRODUCTIONS LLC; NORADA REAL ESTATE FUNDING LLC; NORADA CAPITAL REAL ESTATE FUND I LLC. | D. Wyoming | 2:26-cv-00103 | Hon. Alan B. Johnson |

16